UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CV 10039

JEFFREY ROSENBERG, D.C., and
ROSENBERG CHIROPRACTIC

Plaintiffs,

-against-

EMPIRE BLUE CROSS BLUE SHIELD,
JOHN & JANE DOES I-X, and ABC
CORPORATIONS I-X

Defendants.

**VERIFIED COMPLAINT
& JURY DEMAND**

Plaintiffs Jeffrey Rosenberg, DC, ("Rosenberg"), and Rosenberg Chiropractic, who resides and practices in the State of New York at 275 North Central Ave., Valley Stream, New York, to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, for their Verified Complaint (hereinafter "Complaint") asserts the following against Defendants Empire Blue Cross Blue Shield, located and doing business at 15 Metrotech Center, 5th Floor, Brooklyn, New York, John and Jane Does I-X and ABC Corporations I-X (collectively "Empire" or "Defendants").

### SUMMARY OF PLAINTIFFS' ALLEGATIONS

1. Plaintiff Rosenberg is a chiropractic physician licensed to practice chiropractic in the State of New York who has provided health care services to numerous patients who are insured by Empire, and have received benefit payments from Empire as assigned to them by their patients for such services.

2. Over many years, Dr. Rosenberg has submitted claims for reimbursement to Empire with respect to medically necessary services he has provided to Empire subscribers. In each case, the Plaintiff submitted claims for benefits on behalf of his subscriber patients directly to Empire, and Empire paid benefits for such services to the Plaintiff. In making such payments, Empire had first determined that the health care services in question were "covered services" under the terms and conditions of the subscribers' health care policy.

3. Based on information and belief, the vast majority of the subscriber patients on whose behalf the Plaintiff submitted claims, and were paid benefits, received their insurance from Empire as part of an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Because the benefit payments to the Plaintiffs were made based on Empire's evaluation and assessment of the terms and conditions of ERISA plans, ERISA governs the extent to which such payments were proper and valid. Further, because Empire paid the benefits directly to the Plaintiffs pursuant to assignments they had received from their subscriber patients, the Plaintiffs are deemed to be beneficiaries under ERISA with standing to assert rights and protections under that statute.

4. After having paid benefits to the Plaintiffs for a substantial period of time, having determined that their services were covered benefits under the terms and conditions of the applicable health care plans, Empire adopted new internal policies that were designed to maximize its profitability by forcing providers to return previously paid amounts for health care services. As part of this new policy, Empire audited Dr. Rosenberg on multiple occasions and placed Dr. Rosenberg on "prepayment review" status which was a pretext for denying all or substantially all of Dr. Rosenberg's claims for benefits.

5. Plaintiffs seek injunctive and equitable relief under ERISA and common law, both to halt Empire's practices of failing to pay for valid claims in this fashion and to compel it to repay Plaintiffs for the amounts they have not been paid as a result of Empire's improper actions.

6. Plaintiff Rosenberg is a licensed chiropractor who is an out of network (or "Non-Par") provider with Empire. As an assignee of his patient's health care plans with Empire as well as in his capacity as a third party beneficiary of the health care plans, the plans provide out of network benefits which limit reimbursement to "Covered Services," defined under the Member's Summary Plan Description, Certificate of Coverage or other applicable coverage document." A "Summary Plan Description" (or "SPD") is a term of art referring to a document required under ERISA which summarizes the material terms and conditions of an employee benefit plan.

7. Dr. Rosenberg obtains, as a matter of course, signed assignments from his Empire patients which give the Plaintiff the right to bill Empire directly for their services and to receive payment. Moreover, Empire has accepted these assignments as being valid by dealing directly with the Plaintiff and paying him directly, such that it has waived its right to oppose the validity of the assignments or is otherwise estopped from asserting such objections. Drs. Rosenberg has further been specifically authorized by various Empire patients to represent them in pursuing this action. As a result, the Plaintiffs have standing to pursue the ERISA claims asserted herein.

8. Empire's determination that the services provided by Dr. Rosenberg are not covered under Empire's health care plans and, thus, not reimbursable, represents a retrospective denial of benefits, subject to the rules and regulations governing ERISA plans.

9. Empire cannot seek retroactive restitution from providers who did not engage in any improper actions or make any misrepresentations with respect to the services they provided.

It has no legal foundation to refuse to pay such benefits, and in doing so, it violates its obligations under ERISA.

10. As a party which makes benefit determinations and resolves appeals and grievances, Empire has assumed the role as a fiduciary under ERISA, whereby it owes its members the highest duties of good faith and fair dealing. By taking improper steps to reverse prior approvals of benefits and thereby impose financial obligations on its members, Empire has violated its fiduciary obligations.

11. Assuming that Empire had a valid basis for not paying Plaintiff's health care benefit claims, it has failed to take proper steps to deny same. To have any valid basis for denial, Empire is required, at a minimum, to issue Explanations of Benefits ("EOBs") to the patients whose services are at issue, with adequate disclosure of proper procedures for appealing such an adverse benefit determination. It further is required to provide, upon request of the patients or their authorized representatives, including the Plaintiffs here, copies of all relevant plan materials, including SPDs, relating to its adverse benefit determination. Empire failed to do so, and, in so doing, has violated ERISA.

12. The purported basis upon which Empire has refused to reimburse valid claims, and its continued application of such policies with regard to ongoing and future health care services, is also flawed and without valid support.

13. Because Empire's actions were improper and without a valid legal foundation, Plaintiffs seek (1) to order Empire to pay Plaintiff's health care service claims on an ongoing basis as they are required to by law and contract; (2) to compel Empire to find that the chiropractic services identified herein are covered services under its health care plans; (3) to

curtail its abusive and numerous audits of Dr. Rosenberg, and (4) to award attorney's fees, costs of suit, and whatever other remedy the Court deems appropriate to Plaintiffs.

## JURISDICTION AND VENUE

14. The rights and duties of Empire's members with employer sponsored health care plans, and their providers who perform health care services to those members and receive reimbursement pursuant to the terms and conditions of the health care plans, are governed by ERISA, 29 U.S.C. § 1001 *et seq.* Plaintiffs assert subject matter jurisdiction for their ERISA claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e).

15. Venue is appropriate in this District for Plaintiffs' claims under 28 U.S.C. § 1391, 18 U.S.C. § 1965, and 29 U.S.C. § 1132(e)(2) because (i) Empire resides, is found, has an agent, and transacts business in this District, and (ii) Empire conducts a substantial amount of business in this district and insures and administers group health plans both inside and outside this District, including from offices located in New York. Further, the conduct at issue, as it has affected Plaintiff Rosenberg occurs in this State.

## OVERVIEW OF PLAINTIFFS' LEGAL CLAIMS

16. As the company that issues, insures and administers the employee benefit plans through which a number of Plaintiffs' patients received their insurance, Empire is subject to ERISA, and its governing regulations. Further, due to the role Empire played in administering the health care plans which insured the patients of Plaintiffs that are at issue in this matter, including making coverage and benefit decisions and deciding appeals, Empire has assumed the role as a fiduciary under ERISA. Under ERISA, Empire cannot deny coverage for such services unless its applicable health care plans expressly include an exclusion which specifies that such services are not covered benefits.

17. Under ERISA, Empire is required, among other things, to comply with the terms and conditions of its health care plans; to accord its Members or their providers an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements; and to make appropriate and non-misleading disclosures to Members or their providers. Such disclosures include accurately setting forth plan terms; explaining the specific reasons why a claim is denied and the internal rules and evidence that underlie such determinations; disclosing the basis for their interpretation of plan terms; and providing appropriate data and documentation concerning its coverage decisions.

18. The federal common law of trusts, applicable to ERISA fiduciaries, further requires that fiduciaries deal honestly with Members and adhere to certain specific fiduciary standards in their dealings.

19. In offering and administering its health care plans, Empire assumes the role of "Plan Administrator," as that term is defined under ERISA, in that it interprets and applies the plan terms, makes all coverage decisions, and provides for payment to members and/or their providers. As the Plan Administrator, Empire also assumes various obligations specified under ERISA. These obligations include providing its members with an SPD, a document designed to describe in layperson's language the material terms, conditions and limitations of the health care plan. The full details of the plan, which are summarized in the SPD, are contained in the Evidence of Coverage ("EOC") that governs each member's health care plan.

20. Empire is obligated under ERISA to make its coverage determinations in a manner consistent with the disclosures contained in the SPD. To the extent there is a disparity or conflict between the SPD and the EOC, the SPD governs, so long as the member benefits from the application of the SPD. If the employer, rather than Empire, is deemed to be the Plan

Administrator, Empire remains responsible for ensuring that the SPD complies with the law under its duties as a co-fiduciary as provided in ERISA, 29 U.S.C. § 1105, even if the employer prepares or disseminates the SPD.

21. Empire violated ERISA and breached its fiduciary duties by failing to disclose the reimbursement rules it uses to reduce members' benefits, by making a retroactive benefit claim denials without proper disclosure or following required procedures, and by failing to fulfill its obligations of good faith, due care and loyalty.

22. With respect to all its health care plans, Empire is obligated to its members and their providers to provide specific health care benefits and reimbursements. As detailed herein, Empire has breached, and continues to breach, its obligations to Plaintiffs and in so doing has violated ERISA.

## PLAINTIFF ROSENBERG'S EXPERIENCE WITH EMPIRES' GROUP HEALTH PLANS

23. Plaintiff Rosenberg has been providing medically necessary chiropractic services to Empire Members, as a Non-Par provider, throughout his professional career. During the bulk of that time, Empire has recognized that the services she provided were valid and appropriate, and reimbursed him based on his usual and customary rates, pursuant to the terms and conditions of its health care plans.

24. At sometime on or around 2004, Empire initiated an investigation into Plaintiff's insurance claims. On June 15, 2004, Plaintiff Rosenberg received a letter from Empire's Investigations Unit, based in Brooklyn, New York (the "6/15/04 Empire Letter"). It began an audit process that would last through the present in 2009 and since then Empire has improperly failed to pay Dr. Rosenberg's valid and reasonable claims for benefits.

25.   By way of is 6/15/04 Letter, Empire was also improperly seeking to reconsider a benefit decision that had previously been issued under ERISA. To the extent it was seeking to recalculate benefits based on claims filed under ERISA plans, Empire was required to comply with ERISA and its underlying regulations relating to claims denials. It failed to do so, in violation of its statutory and fiduciary obligations.

26.   Empire had not overpaid Plaintiff Rosenberg for any of its prior payments and, further, had no valid basis for any of its decisions to seek stop payment of ongoing claims. Moreover, Empire violated ERISA by issuing adverse benefit determinations for literally hundreds of services without providing the necessary disclosures relating to those decisions.

27.   Although Empire was obligated to do so, with regard to each of its adverse benefit determinations, Empire failed to provide a "full and fair review" of denied claims pursuant to 29 U.S.C. § 1133 (and the regulations promulgated thereunder) for Plaintiff Rosenberg. Among other things, Empire denied claims in a manner that was inconsistent with or unauthorized by the terms of Members' EOCs and SPDs, as well as by failing to disclose the basis for its determinations, its methodology and other critical information relating to its benefit denials, including the right to appeal its revised claims denials.

28.   The law and implementing regulations set forth minimum standards for claim procedures, appeals, notice to Members and the like. In engaging in the conduct described herein, including use of improper, invalid and undisclosed policies relating to chiropractic services, issuing adverse benefit denials with proper explanations or disclosing administrative appeal or grievance procedures, baseless threats regarding overpayments, and other systematic benefit reductions without disclosure or authority under the plans, Empire failed to comply with ERISA, its regulations and federal common law.

29. As a result, Empire failed to provide a "full and fair review," failed to provide reasonable claims procedures, and failed to make necessary disclosures to its Members and Plaintiff Rosenberg, pursuant to his assignment as a Non-Par provider.

30. By virtue, *inter alia*, of Empire's numerous procedural and substantive violations, any appeals by Plaintiff Rosenberg relating to Empire's revised benefit determinations as described herein should be deemed exhausted or excused under ERISA and its underlying regulation, as provided in 29 C.F.R. § 2560.503-1(l).

31. Plaintiff Rosenberg's failed appeals, as alleged hereinafter, further show the futility of exhausting appeals to Empire. Exhaustion of internal appeals under ERISA should, therefore, be deemed to be futile.

32. Aside from its procedural infirmities, Empire's adverse benefit determinations were invalid, arbitrary and capricious under ERISA, and should be reversed, including its imposition of unnecessary and burdensome requirement that Plaintiff Rosenberg be subjected to preauthorization or prepayment review in the future for numerous services. This is solely designed to intimidate Plaintiff Rosenberg and discourage him as a Non-Par provider from submitting further claims to Empire, without any valid basis under its health care plans, in violation of ERISA.

## COUNT I

### CLAIM FOR BENEFITS UNDER GROUP PLANS GOVERNED BY ERISA

33. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth therein. Count 1 is brought under 29 U.S.C. § 1132(a)(1)(B).

34. Empire must pay benefits to Empire members that are insured, funded or administered by Empire pursuant to the terms of their ERISA plans.

35. To the extent Empire has determined that charges submitted for reimbursement by the Plaintiffs are no longer Covered Services under its health care plans, such a finding is an "adverse benefit determination" under ERISA.

36. Empire violated its legal obligations under ERISA and federal common law each time it denied benefits as detailed herein, including in the 6/15/04 Letter and its actions lasting through its latest audit request in June of 2009, without complying with ERISA's requirements for dealing with adverse benefit determinations.

37. Empire's lack of disclosure to its members or their providers relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

38. Due to Empire's failure to comply with ERISA in pursuing recoupment efforts, Empire is estopped from pursuing such efforts and, further, is required to repay Plaintiff any sums it has failed to pay or offset.

39. The Plaintiffs seek unpaid benefits, interest back to the date their claims were originally submitted to Empire, withdrawing all claims for rescission or other relief against the Plaintiffs. They further request attorneys' fees, costs, prejudgment interest and other appropriate relief against Empire.

## COUNT II

### CLAIM FOR BENEFITS UNDER GROUP PLANS GOVERNED BY ERISA

40. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth therein. Count II is brought under 29 U.S.C. § 1132(a)(1)(B).

41. Empire has made adverse benefit determinations with regard to the coverage for various services provided by Plaintiff Rosenberg.

42. With regard to each of the adverse benefit determinations, Empire violated its legal obligations under ERISA and federal common law due to its failure to comply ERISA regulations and requirements.

43. Empire's lack of disclosure to its members or their providers relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

44. Due to Empire's failure to comply with ERISA in making the above-detailed adverse benefit determinations, Empire is estopped from making such findings and precluding from denying coverage without complying with ERISA.

45. The chiropractic services identified above are appropriate treatments generally accepted in the chiropractic community and do not constitute "experimental or investigational" treatments under the terms and conditions of Empire's ERISA health care plans.

46. Plaintiff Rosenberg seeks unpaid benefits relating to the services described herein and interest back to the date their claims were originally submitted to Empire. Plaintiff further requests attorneys' fees, costs, prejudgment interest and other appropriate relief against Empire.

## COUNT III

## CLAIM FOR BENEFITS UNDER GROUP PLANS GOVERNED BY ERISA

47. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth therein. Count III is brought under 29 U.S.C. § 1132(a)(1)(B).

48. Empire has made adverse benefit determinations with regard to the coverage for Plaintiff's chiropractic services.

49. With regard to each of the adverse benefit determinations, Empire violated its legal obligations under ERISA and federal common law due to its failure to comply ERISA regulations and requirements.

50. Empire's lack of disclosure to its members or their providers relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

51. Due to Empire's failure to comply with ERISA in making the above-detailed adverse benefit determinations, Empire is estopped from making such findings and precluding from denying coverage without complying with ERISA.

## COUNT IV

### FAILURE TO PROVIDE FULL & FAIR REVIEW AS REQUIRED BY ERISA

52. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

53. Empire functioned and continues to function as the "plan administrator" within the meaning of such term under ERISA. During the relevant time period, the Plaintiffs – as assignees of the ERISA benefits payable to their patients – were entitled to receive a "full and fair review" of all claims denied by Empire, and entitled to assert a claim under 29 U.S.C. § 1132(a)(3) for failure to comply with these requirements.

54. Although Empire was obligated to do so, Empire failed to provide a "full and fair review" of denied claims pursuant to 29 U.S.C. § 1133 (and the regulations promulgated thereunder) for the Plaintiffs by making claims denials that are inconsistent with or unauthorized by the terms of Members' EOCs and SPDs, as well as by failing to disclose its methodology and other critical information relating to such claims denials.

55. In engaging in the conduct described herein, including use of improper, invalid and undisclosed policies relating to chiropractic services and other systematic benefit reductions without disclosure or authority under the plans, Empire failed to comply with ERISA, its regulations and federal common law.

56. As a result, Empire failed to provide a "full and fair review," failed to provide reasonable claims procedures, and failed to make necessary disclosures to its Members.

57. Appeals of the Plaintiffs should be deemed exhausted or excused by virtue, *inter alia*, of Empire's numerous procedural and substantive violations.

58. The failed appeals of the Plaintiffs, as alleged in this Complaint, show the futility of exhausting appeals to Empire. Exhaustion of internal appeals under ERISA should, therefore, be deemed to be futile.

59. During the relevant time period, the plaintiffs have been harmed by Empire's failure to provide a "full and fair review" of appeals under 29 U.S.C. § 1133, and by Empire's failure to disclose relevant information in violation of ERISA and the federal common law.

## COUNT V

## **VIOLATION OF FIDUCIARY DUTIES OF LOYALTY AND DUE CARE**

60. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

61. During the relevant time period, Empire acted as a "fiduciary" to the members of its plans and to their providers, as such term is understood under 29 U.S.C. § 1002(21)(A).

62. As an ERISA fiduciary, Empire owed, and owes, its members in ERISA plans, and their providers a duty of care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of a like enterprise.

Further ERISA fiduciaries must act in accordance with the documents and instruments governing the group plan. 29 U.S.C. § 1104(a)(1)(B) and (D). In failing to act prudently, and in failing to act in accordance with the documents and instruments governing the plan, Empire violated its fiduciary duty of care.

63. As an ERISA fiduciary, Empire owed and owes its members and their providers a duty of loyalty, defined as an obligation to make decisions in the interest of its members, and to avoid self-dealing or financial arrangements that benefit it at the expense of its members under 29 U.S.C. § 1106. Empire cannot make benefit determinations for the purpose of saving money at the expense of its members.

64. Empire violated its fiduciary duties of loyalty and due care by, *inter alia*, making claims denials as detailed herein that were unauthorized by EOCs and SPDs and which benefited Empire at the expense of Empire members; making false representations concerning its claims denials; and otherwise violating federal law.

65. Empire breached its fiduciary duties by sending noncompliant EOBs and other communications to the Plaintiffs.

66. The Plaintiffs are entitled to assert a claim for relief for Empire's violation of its fiduciary duties under 29 U.S.C. § 1132(a)(3), including injunctive and declaratory relief, and its removal as a breaching fiduciary.

## COUNT VI

### EQUITABLE RELIEF

67. The allegations contained in this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

68. Empire has no legal basis upon which to block or otherwise fail to pay the Plaintiffs' ongoing claims for benefits

69. Equity demands that Empire's improper blocking of ongoing claims be enjoined. The Plaintiffs have previously accepted in good faith benefit payments from Empire and have foregone pursuing payments of those amounts from their Empire patients. Because of Empire's after-the-fact adverse benefit determinations, the ability of the Plaintiffs to obtain payment from their Empire patients for the amounts Empire now seeks to recoup has been severely prejudiced.

**WHEREFORE**, Plaintiffs demand judgment in their favor against Defendants as follows:

A. Declaring that Empire has breached the terms of its EOCs and SPDs and awarding unpaid benefits to Plaintiffs as well as awarding injunctive relief to prevent Empire's continuing actions detailed herein that are undisclosed and unauthorized by EOCs and SPDs;

B. Declaring that Empire has violated its fiduciary duties including the duties of loyalty and care to Plaintiffs, and awarding appropriate relief, including unpaid benefits, restitution, interest, injunctive relief to Plaintiffs.

C. Declaring that Empire has failed to provide a "full and fair review" to the Plaintiffs under 29 U.S.C. § 1133, and awarding injunctive and other equitable relief to Plaintiffs to ensure compliance with ERISA and its regulations;

D. Declaring that Empire has violated its disclosure and related obligations under ERISA and federal common law, including under 29 U.S.C. § 1022, for which Plaintiffs are entitled to injunctive and other equitable relief;

E. Declaring that Empire has violated federal claims procedures, and awarding Plaintiffs injunctive relief to remedy such violations;

F. Ordering Empire to recalculate and issue unpaid benefits to the Plaintiffs as a result of Empire's actions as detailed herein;

H. Enjoining Empire from continuing to pursue its post payment audit efforts as detailed herein, and ordering it to pay restitution in the form of any sums due and oweing to Plaintiffs;

I. Awarding the Plaintiffs compensatory damages or additional benefits, including reasonable counsel fees, in amounts to be determined by the Court and other appropriate relief;

J. Awarding interest from the date of initial benefit reductions for the Plaintiffs for all unpaid amounts; and

K. Granting such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated: October 2, 2009

Respectfully submitted,

Jeffrey B. Randolph, Esq.
LAW OFFICE OF JEFFREY RANDOLPH, LLC
901 Route 23 South
Pompton Plains, NJ 07444 /
138 W. 25th Street
New York, NY 10038

Dec. 4, 2009
By Robert G. Rice
Acting of counsel

## VERIFICATION

STATE OF NEW YORK

COUNTY OF                               SS:

I, Jeffrey Rosenberg, DC, of full age, being duly sworn on his oath according to law, deposes and says:

1) I have read the complaint in this matter and know the contents thereof. The allegations of the complaint are true to my personal knowledge.

2) I certify that the allegations contained in the complaint are true to the best of my knowledge and belief and that if they are willfully false, I am subject to punishment.

By: _____   Dated: 10/7/09
Jeffrey Rosenberg, DC

Witnessed by:
_____   Dated: 10/7/09
Jeffrey B. Randolph, Esq.